THE IOWA NORTHERN CENTRAL R. CO. v. BLIOBENES.

1. **Contract:** RAILROAD SUBSCRIPTION: CONDITION PRECEDENT.  The terms of a subscription to aid in the construction of a railway contained the stipulation that the money should be paid "in installments of five per cent. so long as the work should be in actual progress," and that if the railway company named should fail to construct the road, then the amount subscribed should be paid on the same terms and conditions to any other company which would grade and tie a road between the points designated: *Held*, that the grading and tieing were not conditions precedent to the payment of the subscription.

*Appeal from Johnson Circuit Court.*

TUESDAY, OCTOBER 5.

THIS action was brought upon a subscription made by the

defendant, in aid of plaintiff's railroad. Under the instructions of the court a verdict was rendered for defendant, upon which the court rendered judgment against the plaintiff for costs. Plaintiff appeals.

*Boal & Jackson*, for appellant.

1. The contract should receive a rational and just construction. The comprehensive rather than the restricted interpretation should obtain.

2. The whole contract should be considered in determining the meaning of any or all of its parts. (2 Parsons on Contracts, 13.)

3. That rule of construction should be adopted which will support rather than defeat the contract. (Id., p. 13.)

4. All parts of the contract should be construed in such a way as to give force and validity to all of them and to all of the language used, when that is possible. (Id. pp. 17, 18.)

*Robinson & Patterson*, for appellee.

For error without prejudice, a judgment will not be reversed. (*Bradley v. Rost*, 33 Iowa, 507; *Wile v. Wright*, 32 Id., 459; *Johnson v. Chase*, 30 Id., 309.)

MILLER, CH. J.—The subscription sued on in this case is as follows:

"We, the undersigned, each hereby agree to pay to the St. Louis and Cedar Rapids Railroad Company the sum set opposite our names, to aid in constructing a railroad from the terminus of the North Missouri Railroad on the southern line of Iowa, to Cedar Rapids, in Linn county, Iowa; on the express condition, however, that said company will build their railroad on a line running to Iowa City, in Johnson county, and Washington, in Washington county. The sum of one hundred dollars so subscribed by any one, or held by proper assignment, shall entitle the subscriber or assignee to one share in the capital stock of said railroad. Said subscription shall be paid as follows: Five per cent. thereof when the work of construction is commenced in Johnson

county; the residue in installments of five per cent. monthly thereafter, so long as the work is in actual progress between Cedar Rapids and Washington, in Washington county, Iowa, until the full amount is paid; and it is expressly provided that no part of this subscription is to be expended on said line, except between Cedar Rapids and Washington. Two weeks' notice by publication in a newspaper in Iowa City shall be sufficient demand for the payment of any installment. Should said St. Louis and Cedar Rapids Railroad Company fail to build said road on said line, then we hereby agree to pay this subscription on the same terms and conditions above expressed, to any company which will organize or is now organized, and which will grade and tie a railroad on said line, connecting Johnson county with a Southern market. H. W. Love is authorized to put on revenue stamps.

JOHN D. BLIOBENES,...............$100.00.  (5 cts.)"

The petition alleges that the St. Louis and Cedar Rapids Railroad Company failed to construct the road on the line mentioned in the contract, and the plaintiff organized as a railroad company, for the purpose named in the contract, and will grade and tie the road as therein stipulated; that in July, 1867, plaintiff commenced the work of constructing said railroad in Johnson county, and progressed therewith from the point of beginning to the town of Washington, and continued, and that the work is yet in progress. It alleges that the various installments as mentioned in the contract are due, and have been demanded of the defendant, for which judgment is claimed with interest and costs.

The answer admits the making of the subscription, admits that the St. Louis & Cedar Rapids Railroad Company failed to build the road, and denies all the other allegations of the petition.

The only question presented for determination is in respect 1. CONTRACT: to the proper construction of the contract of subrailway subscription. The instructions given by the court, condition precedent. and those requested by the plaintiff and refused, relate to this question. The court held and instructed, in substance, that before the plaintiff was entitled to recover, it must show that it had graded and tied "a railroad on the line

designated in the contract, connecting Johnson county with a Southern market." This was error. The contract provides that the subscription shall be payable, five per cent. when the work of construction is commenced in Johnson county, and the residue in installments of five per cent. monthly thereafter, so long as the work is in actual progress between Cedar Rapids and Washington, in Washington county. This is the only provision of the contract relating to the time or manner of payment, and it is utterly inconsistent with the idea that the road must be graded and tied from Johnson county to its Southern connection before any part of the money is payable. Argument cannot make this more apparent than the mere reading of ·the contract. If the last clause of the contract, in respect to a failure of the railroad company named in the contract, had been omitted, no one would claim that the grading or tieing of the road would be a .condition precedent to a demand for a payment thereon. Does this clause change or modify the former part of the contract in this respect? We are clear that it does not. The object and effect of this last clause was to provide against a failure of the subscription in case the St. Louis & Cedar Rapids Railroad Company should not construct the road, but some other company should be found that would do so. It is evident that no change or modification of the time or manner of payment was intended, for it expressly provides that the subscriber "agrees to pay his subscription on the *same terms* and *conditions above expressed,*" and the language immediately following this was intended to designate the company which should undertake the building of the road This language is used to describe the company to which the subscription should be paid, and not to define in any manner the time or mode of payment. The terms and conditions upon which the money was to be paid should be the same as expressed in the contract; the same as if the St. Louis & Cedar Rapids Railroad Company had entered upon the performance of the work.

The judgment of the Circuit Court will be reversed and the cause remanded.

REVERSED.